# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 18-2001-SVW (PJW) | Date | November 25, 2019 |
|---|---|---|---|

| Title | *Michael David Hemingway v. CSP-LAC, et al.* |
|---|---|

| Present: The Honorable | Patrick J. Walsh, U.S. Magistrate Judge |
|---|---|

| Isabel Martinez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** Screening of Fourth Amended Complaint (Doc. No. 24.)

Before the Court is a Fourth Amended Complaint filed by Plaintiff against Defendant medical staff at California State Prison-Los Angeles County ("CSP-LAC") including the Head of Psychiatry, Primary Psychiatrist, Head Doctor (M.D.), Primary Doctor (M.D.), Primary Case Manager, and Nurse Aukward. (Doc. No. 24 at 3-4.[1]) Plaintiff alleges that Defendants were deliberately indifferent to his serious medical condition and failed to review his medical records and failed to provide him with his prescription psychiatric medications in violation of the Eighth Amendment. (Doc. No. 24 at 5.) He seeks monetary relief. (Doc. No. 24 at 6.[2])

The Court is required to screen *pro se* complaints brought by prisoners and dismiss claims that, among other things, are frivolous, malicious, or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(a)-(b)(1). In determining whether Plaintiff has stated a claim, the Court accepts as true the factual allegations contained in the FAC and views all inferences in a light most favorable to him. *See Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Because Plaintiff is proceeding *pro se*, the Court construes the FAC liberally. *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

In his latest filing, Plaintiff alleges that when he arrived at CSP-LAC all of his psychiatric and pain medications were taken away without review of his medical files or any consultation with him. (Doc. No. 24 at 5.) He claims that his previous facility provided him with psychiatric and pain medications and that he was "stable." (Doc. No. 24 at 5.) He alleges that Nurse Aukward was "purposely, disdainfully, and deliberate[ly] ignoring" his medical issues and failed to report them to his respective doctors, overcharged him for medical visits that did not occur, and was verbally abusive towards him. (Doc. No. 24 at 4.)

---

[1] The Court uses the page numbers inserted on the Fourth Amended Complaint ("FAC") by the electronic docketing system.

[2] Plaintiff has attached a motion for discovery to his FAC. (*See* Doc. No. 24 at 7-13.) His motion is premature as Defendants have not been served with his FAC. Plaintiff may serve discovery on Defendants once they have responded to his Complaint.

| CV-90 (12/02) | **CIVIL MINUTES - GENERAL** | Page 1 of 2 |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

To state a claim under the Eighth Amendment, a prisoner must allege that officials were deliberately indifferent to his serious medical needs. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Wakefield v. Thompson,* 177 F.3d 1160, 1165 (9th Cir. 1999). A medical care provider, however, is only liable for denying a prisoner needed medical care if he "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The conduct must be purposeful and substantial; negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 104-07 (1976).

Plaintiff's allegations against Nurse Aukward, that she ignored his medical issues and failed to report them to his doctors, arguably states a deliberate indifference claim. Plaintiff, however, fails to allege facts explaining his interactions with the unidentified Defendant psychiatrists and doctors (*i.e.*, when he treated with them, whether he discussed his mental health issues with them, including his need for psychiatric and pain medications, and whether they knew of and deliberately disregarded any risks to his health). (Doc. No. 24 at 3-5.) Without more, Plaintiff's allegations against Defendants Head of Psychiatry, Primary Psychiatrist, Head Doctor, Primary Doctor, and Primary Case Worker fail to state a deliberate indifference claim. In addition, the United States Marshal cannot serve unidentified psychiatrists or doctors. Plaintiff should obtain his medical records from CSP-LAC and determine the names of the individuals responsible for his care at CSP-LAC. Once Plaintiff obtains his medical records and determines who these people are, he can fill in their names in a Fifth Amended Complaint (a blank complaint form is attached) and file it. Thereafter, the Court will order the U.S. Marshal to serve the Defendants.

Plaintiff also alleges that he warned Defendants several times that due to his mental instability caused by the deprivation of his medications, his transgender cellmate's safety would be in jeopardy. (Doc. No. 24 at 5.) According to Plaintiff, he and his cellmate made requests to have the prison staff transfer them to different cells, but the requests were "ignored" and "scoffed at" by prison staff. (Doc. No. 24 at 5.) To the extent Plaintiff wishes to bring a claim for the injuries he inflicted upon his cellmate, this claim is without merit. Plaintiff cannot state a cause of action against these Defendants under the Prison Rape Elimination Act because no such cause of action exists. *See Porter v. Jennings*, 2012 WL 1434986 at *1 (E.D. Cal. Apr. 25, 2012) (explaining that there is nothing in the Prison Rape Elimination Act to indicate that it created a private right of action, enforceable under § 1983).

For the foregoing reasons, Plaintiff's Fourth Amended Complaint is dismissed with leave to amend. No later than **December 17, 2019,** Plaintiff may file a Fifth Amended Complaint. If Plaintiff amends, he must include all of his claims against each Defendant. In doing so, he is reminded to provide a short, plain, statement of his claims: what each Defendant did, what each one is being sued for, and a brief statement of the <u>facts</u> to support those claims. If Plaintiff fails to file a Fifth Amended Complaint by then, the Court will order the U.S. Marshal to serve Defendant Nurse Aukward and the case will proceed against only her.
C:\Users\ilenebernal\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\K6A0R3VJ\MO-Screening Fourth Amended Complaint.wpd

CV-90 (12/02)     **CIVIL MINUTES - GENERAL**     Page 2 of 2